UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTIAN LUKE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:25-cv-498-TAV-MJD |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Christian Luke Williams ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income and child's insurance benefits based on disability. On April 2, 2026, the parties filed a joint motion indicating they agreed the Commissioner's denial should be reversed and Plaintiff's claim remanded to the Social Security Administration ("SSA") for further administrative proceedings under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) [Doc. 17]. On April 7, 2026, the Court entered the parties' agreed order granting the joint motion, as well as judgment in Plaintiff's favor [Doc. 18; Doc. 19].

Currently before the Court is Plaintiff's motion for an award of attorney's fees to be paid by Defendant pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") [Doc. 20 ("Motion")]. The Commissioner filed a response [Doc. 22]. Plaintiff did not file a reply and the time for doing so has now passed. This matter is now ripe.

**A. Eligibility for an Award of Fees under the EAJA**

In order to recover attorney's fees under the EAJA, five conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized

justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) the government's position must be without substantial justification; (4) the plaintiff must declare his or her net worth does not exceed two million dollars at the time the action was filed; and (5) no special circumstances warranting denial of fees may exist. 28 U.S.C. § 2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

All five conditions are met in this case. There is no dispute that Plaintiff is a prevailing party. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841-42 (6th Cir. 2006) ("A sentence six remand preserves a claimant's right to file a fee petition assuming the claimant prevails on remand."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993) (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, the Commissioner bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. Fourth, Plaintiff filed a declaration stating that his net worth did not exceed $2 million at the time the action was filed, which again, the Commissioner does not dispute. [*See* Doc. 20-5]. Fifth, in the absence of any opposition from the Commissioner as to Plaintiff's entitlement to EAJA fees, the Court finds there are no special circumstances warranting denial of the Motion.

### B. Amount of Fees

In the Motion, Plaintiff asked the Court to grant an EAJA fee award in the amount of $7,490.90, including 28.1 hours of attorney work at $239/hour and 6.2 hours of paralegal work at $125/hour [Doc. 20]. In his response, the Commissioner states that the parties discussed the EAJA fee award and "agreed to an award of fees and expenses under the EAJA in the amount of **$7,116.30**." [Doc. 22 at Page ID # 1352 (emphasis in original)].

Although the parties do not explain how they arrived at the reduced EAJA fee amount, the Court finds the hourly rates requested in the original motion to be appropriate, consistent with applicable authority. *See Perkins v. Comm'r of Soc. Sec.*, 2026 WL 1552236, at *2–3 (E.D. Tenn. Mar. 30, 2026), (using the formula articulated in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003), and finding $240 to be reasonable hourly rate for attorney work in 2024 and $246 in 2025; further approving $125/hour for paralegal work), *report and recommendation adopted*, 2026 WL 1552234 (E.D. Tenn. Apr. 21, 2026). The Court further finds the number of hours, with the overall award reduced per the parties' agreement, to be reasonable and appropriate.

Accordingly, the Court **RECOMMENDS**[1] the Motion [Doc. 20] be **GRANTED** as modified by the parties' agreement, and Plaintiff awarded $7,116.30 pursuant to the EAJA. This award should be paid to Plaintiff and not to Plaintiff's counsel as it may be subject to an offset to satisfy a pre-existing debt that Plaintiff owes to the United States, and it will be left to the United States to determine whether to honor any assignment of fees by Plaintiff to his attorney.

SO ORDERED.

ENTER:

/s/ ______________________________
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).